LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

April 27, 2015

VIA ECF

The Honorable Sandra J. Feuerstein
United States District Court
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

      Re:    *FOEHA v. FAA,* 15 Civ. 441 (SJF) (ARL) ("FAA Action")
              *FOEHA v. Town of East Hampton,* 15 Civ. 2246 (SJF) (ARL) ("Town Action")

Dear Judge Feuerstein:

      We represent Plaintiffs in the above-referenced actions. We write respectfully to request that these actions be consolidated for all purposes.

      **A.**    **Procedural Background**

      The FAA Action was filed against the FAA and its Administrator on January 29, 2014, and was initially assigned to Judge Hurley. On April 22, 2015, the parties in that action were advised that Judge Hurley had recused himself and that the case had been reassigned to Your Honor.

      The Town Action was filed against the Town of East Hampton (the "Town") on April 21, 2015, and initially assigned to Judge Azrack. In accordance with this Court's local rules, Plaintiffs identified the Town Action as being related to the FAA Action. The parties were informed last week that the Town Action was being reassigned from Judge Azrack to Your Honor as related to the FAA Action.

      Both the FAA Action and the Town Action relate to East Hampton Airport, and specifically to obligations imposed under federal aviation law on the FAA and the Town in connection with efforts by the Town to restrict airport access.

      On April 16, 2015, the Town enacted a set of access restrictions that severely curtail access to East Hampton Airport through curfews and trip limits (the "Restrictions"). As we notified the Court by separate letter dated today, Plaintiffs in the Town Action intend to file a motion for a temporary restraining order ("TRO") enjoining the Town from enforcing the Restrictions until the merits of the FAA Action and Town Action have been decided. A briefing schedule for the TRO application has been proposed, and the parties understand that Your Honor has scheduled a hearing on the TRO application for May 14, 2015 at 11 a.m. The Town has agreed not to enforce the Restrictions until the end of the May 14 hearing.

LANKLER SIFFERT & WOHL LLP

Honorable Sandra J. Feuerstein
April 27, 2015
Page 2

Plaintiffs have also notified counsel to the FAA, in the FAA Action, of this schedule. FAA counsel has informed us that the FAA intends to support Plaintiffs' application for a TRO.

### B. The FAA Action and the Town Action Should Be Consolidated

Plaintiffs respectfully submit that the FAA Action and the Town Action should be consolidated for all purposes. *See Caronia v. Hustedt Chevrolet*, No. 5 Civ. 3526 (DRH), 2009 WL 5216940, at *3 (E.D.N.Y. Dec. 29, 2009) ("Rule 42 empowers a trial judge to consolidate actions for trial when there are common issues of law or fact to avoid unnecessary costs or delay"); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Counsel for the FAA has informed us that the FAA consents to consolidation of the actions. Counsel for the Town has informed us that the Town does not so consent.

As the Complaints in the both actions make plain, the actions share core questions of law and fact, including: (i) the Town's obligation to comply with, and the FAA's obligation to enforce, certain federal aviation laws with regard to East Hampton Airport; and (ii) the effect (if any) of a 2005 settlement on those statutory obligations. Consolidation will serve the interests of judicial economy, avoid cost and delay, and streamline briefing and argument on common and overlapping legal issues. Moreover, both actions seek declaratory and injunctive relief and are at their earliest stages; no defendant has answered in either case.

While Plaintiffs suggest that any required briefing on consolidation occur after the TRO hearing, we wanted to bring the issue to the Court's early attention in light of the upcoming TRO proceedings.

Respectfully submitted,

*Lisa Zornberg*

Lisa Zornberg

Copy:
AUSA Robert Schumacher
Eric Bregman, Esq.
Peter Kirsch, Esq.
W. Erik Pilsk, Esq.