# Arnold & Porter

**James Herschlein**
+1 212.836.8655 Direct
James.Herschlein@arnoldporter.com

May 16, 2022

**VIA ECF**

The Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re: *Friends of the East Hampton Airport v. Town of East Hampton*,
           No. 15-2246 - Notice of Emergency Declaratory Action

Dear Judge Seybert:

      I write on behalf of Plaintiff National Business Aviation Association, Inc. ("NBAA") to bring to the Court's attention a very recent development relevant to NBAA's motions for a temporary restraining order, preliminary injunction, and contempt holding. *See* ECF 88.

      On Friday, May 13, 2022, the Federal Aviation Administration ("FAA") docketed an emergency declaratory action against the Town of East Hampton alleging that its impending restrictions on the use of the East Hampton Airport violate the Airport Noise and Capacity Act ("ANCA"). *See* FAA Docket No. 16-22-05 Notice, attached hereto as Exhibit 1. Notably, the FAA's Notice stated that the FAA "has not reviewed or approved of [the Town's] proposed Prior Permission Required restrictions at the airport, if such approval is required. The FAA **strongly recommends** that [the Town] suspend implementation of its Prior Permission Required restrictions framework until this matter has been considered resolved." Exhibit 1 at 1–2 (emphasis in original).

      As the Court is aware, Plaintiffs' recent motions also challenge the Town of East Hampton's renewed attempt to implement restrictions on the East Hampton Airport's use in violation of ANCA and the Court's permanent injunction. Any argument by the Town that its actions are somehow sanctioned by the FAA are belied by the FAA's Notice. It is respectfully urged that the FAA's strong warning to the Town provides further support to grant Plaintiffs' motions, enjoin the Town from closing the East Hampton Airport, enjoin

# Arnold & Porter

May 16, 2022
Page 2

the Town from implementing its Prior Permission Required restrictions, and hold the Town in contempt for violating the Court's permanent injunction.

Sincerely,

James D. Herschlein