UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FRIENDS OF THE EAST HAMPTON AIRPORT, : Case No. 15 -cv-2246- JS-ARL
INC., ANALAR CORPORATION, ASSOCIATED :
AIRCRAFT GROUP, INC., ELEVENTH STREET :
AVIATION, LLC, HELICOPTER ASSOCIATION :
INTERNATIONAL, INC., HELIFLITE SHARES, :
LLC, LIBERTY HELICOPTERS, INC., SOUND :
AIRCRAFT SERVICES, INC. AND NATIONAL :
BUSINESS AVIATION ASSOCIATION, INC., :
:
          Plaintiff, :
:
-against- :
:
TOWN OF EAST HAMPTON, :
:
          Defendant. :

---

### DECLARATION OF STEVE TUMA IN OPPOSITION TO MOTIONS FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND MOTION FOR CONTEMPT

**STEVE TUMA,** make the following declaration pursuant to 28 U.S.C. §1746:

1. Sound Aircraft Services is a tenant at East Hampton Airport and has operated an FBO there for over 30 years.  The principal Steve Tuma is a lifelong resident of the Town of East Hampton.

2. Sound was a party to the 2014 FOEHA litigation which resulted in the 2016 2nd Cir Decision that NBAA seeks to enforce here.

3. Sound is an NBAA member and has been a member for approximately 20 years.  It Recently paid $1600 for its annual membership renewal.

4. While NBAA says that it is representing its member's interests, NBAA's position is not reflective of Sound Aircraft Services position.  Therefore, Sound asked that I appear in this matter today and advise this Court of its position.

5. Sound supported the prior lawsuit because it involved different circumstances and different restrictions.

6. Presently, Sound supports the Town's efforts to close HTO temporarily for 2 days and reopen as JPX provided that the Airport remains open thereafter.

7. Sound has been very supportive of voluntary measures the Town of East Hampton has put in place to mitigate the problem such as the voluntary helicopter noise abatement routes and the airport's voluntary existing curfew.

8. Sound understands the Town's position the position of the noise affected as well as the concerns of the operators (Sound's customers)

9. Sound believes that the Town must be able to implement reasonable restrictions to address the noise affected to achieve a sustainable solution **where the Airport remains open**.

10. To be clear, Sound needs the Airport to remain open. Permanent closure of the Airport would be fatal to Sound Aircraft's business. Wholly Unlike the operators NBAA is arguing on behalf of, who will have other airports to operate to and from – and thereby still have viable businesses, Sound will be completely out of business if the Airport closed permanently. This isn't a matter of inconvenience, added costs or expenses. For Sound permanent airport closure would be fatal.

11. The Town has made clear that if it is unable to find a sustainable solution it will close the Airport.

12. Nothing in what NBAA has presented would preclude the Town from Closing the Airport, and the application in fact incentivizes the Town to keep the airport closed at a minimum until the issues surrounding this new application can be briefed and heard on their merits.

13. Sound therefore respectfully opposes movant's application to the extent that it results – either directly or indirectly – in the closure of the airport for more than the two days set forth in the Town's resolution.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:    May 16, 2022

Steve Tuma